**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **DEBTOR** | § | |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **ADVERSARY NO. _____** |
| | § | |
| **Plaintiff** | § | |
| **v.** | § | |
| | § | |
| **LAHATTE LAW FIRM, L.L.C.** | § | |
| | § | |
| **Defendant** | § | |

## COMPLAINT

MMA Law Firm, PLLC Plaintiff and/or Debtor, files this Complaint against LaHatte Law Firm, L.L.C., pursuant to FED. R. BANKR. P. 7001(1) and (7), requesting actual and punitive damages, equitable relief, and respectfully shows the Court as follows:

## JURISDICTION, VENUE AND PARTIES

1. This is an adversary proceeding brought by the Debtor seeking a declaratory judgment regarding the determination of property of the bankruptcy estate, turnover of estate property, and violation of the automatic stay.

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4.      Venue is proper in the Bankruptcy Court for the Southern District of Texas (the

"**Bankruptcy Court**"), pursuant to 28 U.S.C. § 1409.

5.      MMA Law Firm, PLLC is the Debtor in Case No. 24-31596 pending in the Southern

District of Texas and can be served through its undersigned proposed counsel.

6.      LaHatte Law Firm, L.L.C. (**"LaHatte"**) can be served with this Complaint  through its

registered agent - Joseph "Joey" LaHatte III, 2000 Clearview Parkway, Suite 203, Metairie, LA 70001.

7.      MMA Law Firm, PLLC (the, **"Debtor"**) hereby states that it consents to the entry of final

orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent

the consent of the parties, cannot enter final orders or judgments consistent with Article III of the

United States Constitution.

## **RELEVANT FACTS**

### **RELEVANT BACKGROUND FACTS**

8.      MMA Law Firm, PLLC (**"Debtor"**) is a litigation firm based in Texas.

9.      The Debtor represented thousands of storm victims with property damage claims against

their insurance companies following Hurricanes Laura, Delta, Zeta, and Ida (**"MMA Clients"**).

10.     The Debtor entered into contingency fee contracts with the MMA Clients, entitling it to

contingency fees and reimbursement of expenses (**"Contingency Fee Contracts"**).

11.     The Debtor prosecuted claims and filed thousands of lawsuits on behalf of the MMA

Clients pursuant to the Contingency Fee Contracts (**"MMA Cases"**).

### **THREE ORDERS ENTERED BY LOUISIANA DISTRICT COURT JUDGES**

12.     On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United

States District Court for the Western District of Louisiana, issued an order suspending the licenses

of all attorneys affiliated with the Debtor for ninety days (**"Suspension Order"**).

13. Pursuant to the Suspension Order, the Debtor was ordered, among other things, to notify the MMA Clients of the suspension and that they had the option of either retaining new counsel or remaining with the Debtor.

14. After the entry of the Suspension Order LaHatte took over representation of at least three (3) of the MMA Cases on a contingency fee basis (the **"LaHatte/MMA Cases"**).  MMA is currently aware of only three (3) cases but believes that more may exist and will be discovered during discovery in this Adversary. The three (3) cases currently known to MMA are: (a) Ruby, Wendy (MMA Case No. 2200545), a Hurricane Ida property damage claim against Maison Insurance Company (LIGA), involving property located at 109 Richland Drive West, Mandeville, Louisiana 70448; (b) Dickerson, James (MMA Case No. 16152), a Hurricane Zeta property damage claim against United Property and Casualty Insurance Company (FIGA), involving property located at 4024 South Inwood Avenue, New Orleans, Louisiana 70131, filed in the Eastern District of Louisiana, Docket No. 2:22-cv-04118; and (c) Forcell, Wardell (MMA Case No. 2212890), a Hurricane Ida property damage claim against Louisiana Insurance Guaranty Association (LIGA), involving property located at 165 Green Gable Road, Donaldsonville, Louisiana 70346, filed in the 23rd Judicial District Court, Ascension Parish.

15. There was no formal pre-petition agreement between LaHatte and MMA regarding the sharing of fees in the LaHatte/MMA Cases.

16. MMA incurred costs and expenses in the LaHatte/MMA Cases. Specifically, in each of the LaHatte/MMA Cases, MMA performed substantial legal work including client intake, sending letters of representation to the applicable insurance carriers, verifying claims with the carriers, retaining experts, scheduling and obtaining expert inspections, and receiving, reviewing, and transmitting expert reports to the carriers. In certain of the LaHatte/MMA Cases, MMA also sent

appraisal and lawsuit status letters, obtained client authority to invoke appraisal and file suit, invoked appraisal, filed lawsuits, and secured the release of undisputed settlement funds.

17.     Upon information and belief, LaHatte resolved or received funds in the LaHatte/MMA Cases, including but not limited to settlement proceeds and/or insurance proceeds, and received fees on its contingency fee agreements with the clients.

18.     LaHatte has not paid MMA any portion of the fees it received in the LaHatte/MMA Cases.

19.     LaHatte has not reimbursed MMA for any of the costs and expenses incurred by MMA in the LaHatte/MMA Cases.

### CHAPTER 11 BANKRUPTCY FILED AND NOTICE PROVIDED

20.     On April 9, 2024, the Debtor filed a Chapter 11 bankruptcy petition.

21.     In its schedules, the Debtor disclosed liabilities to numerous creditors for expenses incurred in the LaHatte/Debtor Cases, which it is currently unable to pay.  Since the bankruptcy filing, over $25,000,000.00 in unsecured claims have been filed by creditors who provided services to the MMA Clients and have not been paid, including estimators who provided expert reports in the LaHatte/Debtor Cases.

22.     On April 23, 2024, the Debtor provided notice of the bankruptcy filing to LaHatte via email to LaHatte Law Firm, L.L.C.

### CAUSE OF ACTION #1 – DECLARATORY JUDGMENT

23.     The Debtor incorporates Paragraphs 8 through 22 into Cause of Action #1.

24.     Under Louisiana, when two attorneys provide legal services to the same client on a contingency-fee basis and one attorney is discharged before resolution, the client is obligated to pay only one contingency fee.  The Court allocates the fee between the attorneys. *Saucier v. Hayes*

*Dairy Products, Inc.*, 373 So.2d 102 at 108 (La. 1979).

25.     The seminal decision of *Suacier* mandates the allocation of attorney's fees for a discharged attorney who had been retained pursuant to a contingency fee contract.  The *Suacier Court* determined that the fee should be apportioned based on the services each attorney provided, considering factors outlined in Rule 1.5(a) of the LOUISIANA RULES OF PROFESSIONAL CONDUCT. These factors include: 1) the time and labor required; 2) novelty and difficulty of questions involved; 3) skill required to perform legal services; 4) the amount involved and the results obtained; and 5) nature and length of the professional relationship with the client. *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La. 1979).

26.     This ensures a reasonable division of fees based on each attorney's contributions. If the first attorney was not discharged for cause, this analysis concludes the determination. However, if discharged for cause, the court must assess the nature and gravity of the discharge to determine if the discharged attorney is entitled to any fees. *O'Rourke v. Cairns,* 683 So. 2d 697, 702 (La. 1996).

27.     The Debtor asserts an entitlement to an apportionment of fees and costs in the LaHatte/Debtor Cases (the **"Saucier Claims"**).

28.     The Debtor seeks a declaratory judgment affirming the Debtor's Saucier Claims are property of the bankruptcy estate.

29.     When considering a declaratory judgment action, the Court must engage in a three-step inquiry: (1) whether an "actual controversy" exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether "to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

30.     An actual controversy exists between the Debtor and LaHatte regarding the Debtor's interest in the Saucier Claims as LaHatte has failed to turnover any funds related to the Saucier Claims.

31.     Here, the Debtor was not discharged for cause, however even if the Court were to determine that it was, the Debtor is still entitled to an apportionment of fees and costs collected or to be collected under the reasonableness factors described above in *Saucier*. Therefore, a live controversy exists between the Debtor and LaHatte regarding the Saucier Claims.

32.     The Bankruptcy Court has authority to grant relief, and the Debtor respectfully requests that the Bankruptcy Court exercise its broad discretion to determine this declaratory judgment action. A bankruptcy court's jurisdiction is governed by 28 U.S.C. § 1334. District courts, and therefore bankruptcy courts, have exclusive jurisdiction over "all cases under title 11," including jurisdiction over "all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e); *In re TMT Procurement Corp.,* 764 F.3d 512, 523 (5th Cir. 2014).

 **CAUSE OF ACTION #2: TURNOVER OF PROPERTY OF THE ESTATE**

33.     The Debtor incorporates Paragraphs 8 through 23 into Cause of Action No. 2.

34.     Pursuant to Section 541(a)(1) of the Bankruptcy Code, "property of the estate" encompasses "all legal and equitable interest of the debtor in property as of the commencement of the case". 11 U.S.C. §541.

35.     Section 542(a) mandates that an entity possessing property of the estate must deliver and account for such property, or its equivalent value, to the bankruptcy estate. 11 U.S.C. § 542.

36.      The Debtor is aware that LaHatte acquired an interest in the LaHatte/Debtor Cases, following the Suspension Order.

37.     The Debtor asserts that it is entitled to fee apportionment in the LaHatte/Debtor Cases pursuant to the *Saucier Test,* which provides for fair fee apportionment between a discharged attorney and a current attorney, based on factors such as time, labor, skill, amount involved, results obtained, and the length of the professional relationship. *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La. 1979).

38.     The Debtor's interest in properly apportioned fees/costs in each of the LaHatte/Debtor Cases is property of the estate which LaHatte received and has failed to turnover to the Debtor.

39.     The Debtor respectfully requests that the Court issue an order compelling LaHatte to provide a comprehensive accounting of all funds received in connection with the LaHatte/Debtor Cases, to determine the estate's interest in those funds (determination of appropriate fees/costs of the Debtor and/or the proper apportionment of the collected fees/costs), and to order the Defendant to immediately deliver all estate property to the Debtor.

40.     The Debtor also requests an order directing the turnover of the properly apportioned fees and costs associated with the LaHatte/Debtor Cases.

**CAUSE OF ACTION NO. 3: VIOLATION OF THE AUTOMATIC STAY**

41.     The Debtor incorporates Paragraphs 8 through 23 into Cause of Action No. 3.

42.     The Debtor asserts that LaHatte violated 11 U.S.C. § 362(a)(3) of the Bankruptcy Code.

43.     Pursuant to 11 U.S.C §362(a)(3), any acts to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate is stayed.

44.     The Debtor entered into contingent fee agreements with the LaHatte/Debtor clients and performed work in the LaHatte/Debtor Cases.  As a result, the Debtor is entitled to fee apportionment and reimbursement of expenses from LaHatte per the Saucier factors.

45.     A portion of the fees collected by LaHatte were earned by the Debtor prior to its Chapter

11 filing on April 9, 2024. Although LaHatte finalized settlements in the LaHatte/Debtor Cases, none of these funds have been paid to the Debtor pursuant to *Saucier*.

46.     Section 541(a) of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of the debtor in property as of the commencement of the case.  11 U.S.C. § 541(a)(1). Therefore, the Debtor's interest in properly apportioned fees/costs pursuant to *Saucier* constitute property of the estate.

47.     Upon information and belief, LaHatte had knowledge of the Debtor's Chapter 11 bankruptcy filing.

48.     Post-petition, LaHatte obtained possession of property of the estate and exercised control over this property.

49.     LaHatte's conduct was both intentional and willful, as it was financially motivated to secure the unportioned fees/costs to the exclusion of the Debtor.

50.     In order to sustain an action for violation of Section 362, the Debtor must assert that: 1) a property interest in invoked; 2) the property interest is property of the estate; and 3) there occurred an act to obtain possession of the estate property or there existed an act to exercise control over estate property. 11 U.S.C. §362(a)(3).

51.     In this case: 1) The Debtor holds an interest in the *Saucier* Claims and the properly apportioned fees/costs resulting from those claims; 2) these funds are property of the estate; and 3) LaHatte has obtained and continued to exercise control over this property, failing to turn it over to the Debtor.

52.     Furthermore, LaHatte, is a law firm, and should be held to a higher standard regarding compliance with the automatic stay.

53.     Pursuant to Section 362(k), the Debtor is entitled to recover actual damages, including costs and attorney's fees, from LaHatte for its intentional and willful violations of Section 362 of the Bankruptcy Code.   The Debtor incurred attorney's fees and costs in filing this adversary proceeding, including the payment of filing fees.

54.     Although Section 362(k) provides for recovery for individuals, courts in this district have employed their civil contempt powers under section 105(a) to address automatic stay violations, including damages, fees and punitive damages, when the plaintiff is not an individual. *Sanchez v. Ameriquest Mort. Co. ( In re Sanchez)*, 372 B.R. 289, 310-11 (Bankr. S.D. Tex. 2007).

55.     LaHatte's intentional violation of the automatic stay warrants the Court's intervention to determine the violation and utilize its equitable powers under Section 105(a) to enforce Section 362, and awarding appropriate damages and fees for violations.

56.     The Court also possesses the authority under Section 105(a) to impose sanctions for civil contempt or as part of its equitable powers. As noted by the Fifth Circuit, "Judicial sanctions in civil contempt proceedings may, in proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Sanchez v. Ameriquest Mort. Co. (In re Sanchez)*, 372 B.R. 289, 310-11 (Bankr. S.D. Tex. 2007) (citing *American Airlines Inc. v. Allied Pilots Ass'n*, 228 F. 3d 574, 585 (5th Cir. 2000).

57.     "The automatic stay is a self-executing injunction, and therefore for contempt purposes it constitutes an order of the bankruptcy court." *Sanchez v. Ameriquest Mort. Co. ( In re Sanchez),* 372 B.R. 289, 311 (Bankr. S.D. Tex. 2007)

58.     Consequently, the Debtor seeks actual damages and sanctions against LaHatte for its

intentional violations of the automatic stay.

**WHEREFORE**, Plaintiff requests the Court to grant its declaration requests, determine to identified assets are property of the estate, to order the delivery of the estate funds as requested, to determine that Defendant willfully and intentionally violated the automatic stay, awarding appropriate actual and punitive damages and attorney fees, and such other and further relief, at law or in equity, to which the Plaintiff shows itself entitled.

Dated: <u>April 8, 2026.</u>

Respectfully submitted,

By: <u>*/s/ Johnie Patterson*</u>
Johnie Patterson
Attorney-in-Charge
SBN 15601700

COUNSEL FOR THE PLAINTIFF

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)
jjp@walkerandpatterson.com